**Linda FIELDS, Plaintiff—Appellant,**

v.

**STANDARD INSURANCE COMPANY, Defendant—Appellee.**

No. 02–16689.

D.C. No. CV–01–01648–DFL/DAD.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Submitted March 10, 2003.*

Decided March 19, 2003.

Before CANBY, O'SCANNLAIN and T.G. NELSON, Circuit Judges.

MEMORANDUM **

Linda Fields appeals pro se the district court's summary judgment in favor of Standard Insurance Company ("Standard"), in her action alleging that Standard violated the Employee Retirement Income Security Act ("ERISA") by denying her claim for long-term disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's application of the abuse of discretion standard and its conclusion that a plan fiduciary has not abused its discretion. *See Lang v. Long–Term Disability Plan of Sponsor Applied Remote Tech.*, 125 F.3d 794, 797 (9th Cir.1997).

Upon review of the record, we conclude that the district court properly determined that defendant did not abuse its discretion by terminating Fields' benefits, *see Atwood v. Newmont Gold Co., Inc.*, 45 F.3d 1317, 1323–25 (9th Cir.1995), and we affirm.

Fields failed to establish that the administrator operated under a conflict of

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

interest because she did not provide "material, probative evidence" that the fiduciary's self interest caused a breach of the administrator's fiduciary obligation to the beneficiary. *See Lang,* 125 F.3d at 798.

■ Substantial evidence supports the administrator's decision to reject the opinions of Fields' treating physicians based on the contrary determinations of examining physicians and because the treating physicians' opinions were "brief [and] conclusory," *see Thomas v. Barnhart,* 278 F.3d 947, 957 (9th Cir.2002), and lacked objective clinical findings, *see Tonapetyan v. Halter,* 242 F.3d 1144, 1149 (9th Cir.2001).

We deny Fields' outstanding motion for an extension of time to file additional citations.

Fields' remaining contentions lack merit.

**AFFIRMED.**